HOUSTON WATSON P.C.
HOUSTON WATSON II (SBN 163703)
2501 S. El Camino Real Suite 101
San Clemente CA 92672
Phone (562)294-9694
Email: houston@houstonwatsonlaw.com
Attorneys for Defendant
JOHN DOE subscriber assigned
IP address 172.90.110.132

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br>        Plaintiff,<br>vs.<br><br>JOHN DOE subscriber assigned IP address 172.90.110.132,<br>        Defendants. | Case No.: 8:22-cv-01352-TJH-SP<br><br>**DEFENDANT'S MOTION TO QUASH**<br><br>Action Filed July 21, 2022 |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

Defendant John Doe subscriber assigned IP address 172.90.110.132 ("John Doe") will and hereby does move this Court for an order quashing the subpoena issued by Plaintiff Strike 3 Holdings, LLC, on or about September 16, 2022, served on non-party Charter Communications in the District Court for the Central District of California. The subpoena seeks the identity and address of the moving party, John

Doe. As discussed in the memorandum below, the Plaintiff's subpoena should be quashed because (1) the subpoena presents an undue burden under Rule 45 and the Order would protect John Doe under Rule 26; and (2) the subpoena will not identify the offender and accordingly does not advance plaintiff's claim. This motion, made pursuant to Federal Rule of Civil Procedure 45(c) is based on this notice, the attached memorandum of points and authorities, all previously filed documents in this case and exhibits, and on such oral argument as may be received by this Court.

Dated:  October 17, 2022

By: */s/ Houston Watson*
HOUSTON WATSON
Attorney for Defendants JOHN DOE
subscriber assigned IP address
172.90.110.132

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Movant-defendant John Doe subscriber assigned IP address 172.90.110.132 ("John Doe"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 45(c)(3), moves this Court for an Order Quashing the Subpoena issued to and served upon Charter Communications, which is this defendant's Internet Service Provider ("ISP"), and which seeks documents that identify this defendant's name and address. The Subpoena is dated September 16, 2022, and returnable November 18, 2022. Defendant John Doe submits that such an Order is warranted because (1) the subpoena presents an undue burden under Rule 45 and the Order would protect John Doe under Rule 26; (2) the subpoena seeks information not directed to advancing plaintiff's claim; and (3) per Rule 26(b)(1), the subpoena "is not relevant to any party's claim or defense."

## II. STATEMENT OF FACTS

### A. Relevant Procedural History

Plaintiff filed a Complaint on July 21, 2022 (ECF No. 1), against John Doe subscriber assigned IP address 172.90.110.132, alleging copyright infringement. Plaintiff allegedly owns the relevant rights to the unnamed works listed on Exhibit A attached to plaintiff's Complaint, which it claims as the basis for this suit. Plaintiff alleges that defendant downloaded and distributed for profit plaintiff's works, consisting of adult films. See ECF Doc. 1-1. On September 1, 2022, plaintiff filed an ex parte motion seeking an Order for early discovery from this Court (ECF No. 8), which was granted on the same day. Plaintiff then served Charter Communications, defendant's internet service provider ("ISP"), with a Subpoena, which seeks John Doe's name and address. Charter Communications sent these documents to defendant. See Subpoena dated September 9, 2022, with Order dated September 1, 2022, attached hereto as Exhibit A.

B. Overview of Mass "John Doe" Litigation.

This case is the latest installment in a wave of mass "John Doe" copyright troll infringement lawsuits that have swept through district courts around the country. Certain features have become hallmarks of this brand of litigation: after obtaining the ex parte discovery, subscribers are faced with a choice of to settle or try to clear their name, whether or not they have ever infringed any copyright, and whether or not they have ever heard of the BitTorrent protocol. As plaintiffs know, a subscriber's decision to settle often is wholly unrelated to whether or not they have infringed any copyrighted work, and is influenced solely by a desire to avoid the embarrassment and legal expense required to establish innocence. Plaintiffs may continue to threaten future suits until the statute of limitations expires, despite the clear lesson of the recent wave of suits: only a small fraction of those threatened are ever served in a copyright infringement action. The reason is simple: plaintiffs have no idea whether the subscriber committed copyright infringement, and, if they actually served a summons and complaint on a subscriber (rather than simply threatening to do so), they would immediately expose themselves to potential liability for costs and attorney fees under 17 U.S.C.§ 505.

III. LEGAL ARGUMENT

A. Undue Annoyance and Embarrassment

Defendants may move to quash a subpoena under Federal Rules of Civil Procedure 26 and/or 45 when the subpoena will subject her, him, or it to undue burden, annoyance and/or embarrassment. As one court explained, "once the plaintiff obtains the identities of the IP subscribers through early discovery, it serves the subscribers with a settlement demand . . . the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle. . ." MCGIP v. Does 1-149, No. C 11-02331 LB (N.D. Cal. Aug. 15, 2011), 2011 WL 4352110, at *4, See also On the Cheap, LLC, v. Does 1-5011, No. C10-4472 2011 WL 4018258 at *11 (N.D. Cal. Sept. 6, 2011) (plaintiff's settlement tactics leave

defendants with "a decision to either accept plaintiff's demand or incur significant expense to defend themselves" and finding that this does not "comport with the 'principles of fundamental fairness'"). Court have recognized that plaintiffs "would likely send settlement demands to the individuals whom the ISP identified as the IP subscriber. 'That individual – whether guilty of copyright infringement or not – would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the settlement demand. This creates great potential for a coercive and unjust settlement.'" SBO Pictures, Inc., v. Does 1-3,036, No. 11-4220, 2011 WL 6002620, at *8 (N.D. Cal. Nov. 30, 2011) (quoting Hard Drive Prods., Inc., v. Does 1-130, No. C-11-3826 (ECF No. 16), 2011 U.S. Dist. LEXIS 132449 at *9 (N.D. Cal. Nov. 16, 2011).

As the Central District noted, "[t]he Court has previously expressed concern that in pornographic copyright infringement lawsuits like these, the economics of the situation makes it highly likely for the accused to immediately pay a settlement demand. Even for the innocent, a four digit settlement makes economic sense over fighting the lawsuit in court – not to mention the benefits of preventing public disclosure (by being named in a lawsuit) of allegedly downloading pornographic videos." Ingenuity 13 LLC. v. John Doe, No. 12-8333 (C.D. Cal. Feb. 7, 2013). Another court confirmed, "[T]he court will not assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers (and innocent others caught up in the ISP net)." Hard Drive Prods., Inc. v. Does 1-90, No. 11-03825, 2012 WL 1094653, at *7 (N.D. Cal. Mar. 30, 2012). In a July 6, 2015, decision, the Southern District of New York Court denied the plaintiff permission to issue a Rule 45 subpoena: Recent empirical studies show that the field of copyright litigation is increasingly being overtaken by "copyright trolls," roughly defined as plaintiffs who are "more focused on the business of litigation than on selling a product or service or licensing their [copyrights] to third parties to sell a product or service." Matthew

Sag, Copyright Trolling, An Empirical Study, 100 IOWA L. REV. 1105, 1108 (2015). "The paradigmatic troll plays a numbers game in which it targets hundreds or thousands of defendants, seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim." Id.

The lawsuits most frequently target anonymous John Does for alleged infringement related to the use of BitTorrent. Indeed, of "the 3,817 copyright lawsuits filed in 2013, over 43% were against John Does and more than three-quarters of those related to pornography." Id. at 1108-09. But almost none ever reaches a hearing. Rather, the 'lawsuits are filed to take advantage of court ordered discovery [under Fed. R. Civ. P. 26(d)] to break the veil of anonymity that separates IP addresses from the account information of actual human beings.' Id. at 1109; see also Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). They then use this information to quickly negotiate settlements on mass scale without any intention of taking the case to trial. See, e.g., Media Prods., Inc., DBA Devil's Film v. John Does 1-26, No. 12-cv-3719, at 4 (S.D.N.Y. June 18, 2012) (explaining that the settlements in these BitTorrent cases are "are for notoriously low amounts relative to the possible statutory damages, but high relative to the low value of the work and minimal costs of mass litigation. Cases are almost never prosecuted beyond sending demand letters and threatening phone calls."). Malibu Media, LLC, v. John Doe subscriber assigned IP address 66.108.67.10, No. 1:15-cv04369 (ECF No. 10 at 5-6) (S.D.N.Y. July 6, 2015) (Hellerstein, J.) (emphasis added). Because of the track record and tactics of plaintiffs like Strike 3 Holdings, LLC, herein, this defendant's privacy interests are at stake and defendant no doubt will be subjected to annoyance, harassment, and undue burden and expense if this Court does not grant the requested relief or otherwise prohibit plaintiff from obtaining Movant's identity and address.

### B. Plaintiff's Discovery Request Will Not Identify the Alleged Offender

Plaintiff's subpoena must be quashed because plaintiff will be unable to show that any actual infringer is the subscriber John Doe, and not some third person in this defendant's business or household, or a family guest or customer, or a neighbor, or a stranger driving by who may have hacked or leeched this defendant's internet access. As the Central District noted in a series of these cases a couple of years ago the subscriber information is not a reliable indicator of the actual infringer's identity. Due to the proliferation of wireless internet and wireless-enabled mobile computing (laptops, smartphones, and tablet computers), it is commonplace for internet users to share the same internet connection, and thus, share the same IP address. Family members, roommates, employees, or guests may all share a single IP address and connect to BitTorrent. If the subscriber has an unsecured network, as is the case here, it is possible that the actual infringer could be a complete stranger standing outside the subscriber's home, using the internet service and who's internet activity is being attributed to the unknowing subscriber's IP address.

Thus, obtaining the subscriber information will only lead to the person paying for the internet service and not necessarily the actual infringer. It is even more unlikely that early discovery will lead to the identities of Defendants given how commonplace internet usage outside one's home has become. An increasing number of entities offer publicly-accessible internet service; consider coffee shops, workplaces, schools, and even cities. Mobile-computing allows internet users and copyright infringers, to connect to the internet in any such location. A given entity may have hundreds or thousands of users in a one to two-month period. Obtaining the subscriber information in these cases will only lead to name of the entity and is unlikely to yield any identifying information about the actual infringer. Accordingly, granting early discovery for the subscriber information is not very likely to reveal the identities of Defendant Malibu Media, LLC, v. John Does, No. 2:12-01642 (D.C. Cal. Oct. 10, 2012) (internal citations omitted). Plaintiff here cannot demonstrate

that the requested discovery will even lead to identification of the proper John Doe defendant. The prevailing accepted wisdom in district courts across the country is that an IP address does not equate to the infringer of a plaintiff's copyright and that merely identifying the individual who pays the internet bill associated with a particular ISP account does not identify the individual who may have infringed a copyright via that IP address. As the court in SBO Pictures understood, "the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the internet connection for illicit purposes." SBO Pictures, Inc., supra, 2011 WL 6002620, at *3. See also VPR International v. Does 1-1,017, No. 11-02068, 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011) ("Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect . . . . The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.") "Several courts have found it troubling that the subscriber associated with a given IP address may not be the person responsible for conduct traceable to that IP address." Malibu Media, LLC v. Doe, No. 8:13-cv-00365, 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014); see Patrick Collins, Inc. v. Doe 1, 288 F.R.D. 233, 237-39 (E.D.N.Y. 2012) (an IP address is insufficient to identify an infringer because "the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper without the knowledge of the owner"); Patrick Collins, Inc. v. John Does 1-4, No. 1:12-cv-02962, 2012 WL 2130557, at *1 (S.D.N.Y. June 12, 2012) (Baer, J.) ("The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer."). (All cases cited in Manny Film, LLC, v. John Doe Subscriber Assigned IP Address 66.229.140.101, No. 0:15-cv-60446 (S.D. Fla. April 8, 2015)). Indeed, other decisions have noted the non-connection between a mere IP address and the actor: The fact that a copyrighted work was illegally downloaded from a certain IP

address does not necessarily mean that the owner of that IP address was the infringer. Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering internet connection." Patrick Collins, Inc. v. Does 1-6, No. 1:12-cv-02964 (ECF No. 7), 2012 WL 2001957, at *1 (S.D.N.Y. June 1, 2012) (Oetkin, J.) (internal citations omitted); see also In re BitTorrent Adult Film Copyright Infringement Cases, No. 12-01147 (ECF No. 4), 2012 WL 1570765 (E.D.N.Y. May 1, 2012) ("[T]he assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time."); Digital Sin, Inc. v. John Does 1- 176, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (Nathan, J.) (Judge Nathan finding that approximately 30% of John Does identified by their internet service providers are not the individuals who actually downloaded the allegedly infringing films). The risk of misidentification is great in a world with ubiquitous Wi-Fi, and given courts' concerns that these sorts of allegations - especially by this plaintiff - are likely to coerce even innocent defendants into settling, the risk of misidentification is important to protect against. Malibu Media, LLC, v. John Doe subscriber assigned IP address 66.108.67.10, No. 1:15-cv04369 (ECF No. 10 at 9-10) (S.D.N.Y. July 6, 2015) (emphasis added).

Thus, because the discovery sought by plaintiff in this case only will identify the ISP subscriber and not the infringer, the discovery sought in the subpoena is not likely to lead to the identity of the allegedly infringing Doe defendant or allow plaintiff to effectuate service thereon. Defendant submits that this Court should heed the concerns expressed, supra, (1) about the coercive procedures typically utilized by plaintiffs to extract and extort settlements from putative defendants; and (2) disclosing defendant's name and address will reveal only the internet subscriber – not a person likely to have committed the acts complained of (if they were committed at all). Accordingly, there is good cause for this Court to Quash the Subpoena issued

to Charter Communications to prevent the release of this defendant's identity. Finally, the Defendant has a right to privacy under the California Constitution. See Article I Section 1.

Courts in other districts also have concluded that an IP address "may not be a sufficient basis on which a plausible claim can lie against a subscriber." Malibu Media, LLC v. Doe, No. 8:13-cv-00365, 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014); see Elf- Man, LLC v. Cariveau, No. 2:13-00507, 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014) ("While it is possible that one or more of the named defendants was personally involved in the download, it is also possible that they simply failed to secure their connection against third-party interlopers."); Malibu Media, LLC v. Tsanko, No. 12-3899, 2013 WL 6230482, at *10 (D.N.J. Nov. 30, 2013) ("The Court questions whether these allegations are sufficient to allege copyright infringement stemming from the use of peer-to-peer file sharing systems where the defendant-corporation is connected to the infringement solely based on its IP address. It may be possible that defendant is the alleged infringer that subscribed to this IP address, but plausibility is still the touchstone of *Iqbal* and *Twombly*."); AF Holdings LLC v. Rogers, No. 3:12-cv-01519, 2013 WL 358292, at *3 (S.D. Cal. Jan. 29, 2013) ("Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement."). Accord, Manny Film, LLC, v. John Doe Subscriber Assigned IP Address 66.229.140.101, No. 0:15-cv-60446 (S.D. Fla. April 8, 2015).

///
///
///
///
///
///

## IV. CONCLUSION

Plaintiff herein names John Doe in this suit based solely on the allegation that John Doe's geographical location was assigned the IP address through which someone allegedly downloaded various works. As recognized by multiple courts throughout this country, this is an inappropriate basis for turning over defendant's name and address to plaintiff. For the reasons above, John Doe respectfully requests that the Court enter of an order quashing the subpoena issued to ISP Charter Communications to prevent it from divulging defendant's name, address and other identifying information.

Dated:  October 17, 2022

By: */s/ Houston Watson*
HOUSTON WATSON, ESQ.
Attorney for Defendants JOHN DOE
subscriber assigned IP address
172.90.110.132

# CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Central District of California by using the appellate CM/ECF system, which will send notice of such filing to all registered users.

Dated: October 17, 2022

/s/ Houston Watson
Houston Watson, Esq.