Lincoln D. Bandlow, Esq. (CA #170449)
lincoln@bandlowlaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Phone: (310) 556-9680
Fax: (310) 861-5550

Attorney for Plaintiff
Strike 3 Holdings, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 172.90.110.132,<br><br>　　　　　Defendant. | Case Number: 8:22-cv-01352-TJH-SP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH** |

i

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court should respectfully deny Defendant's Motion to Quash ("Motion") for the same reasons stated in *Strike 3 Holdings, LLC v. Doe*, No. 18-2496 (TJH) (SPx), 2019 WL 12446430 (C.D. Cal. Mar. 29, 2019) as they are nearly identical motions. *See also Strike 3 Holdings, LLC v. Doe*, No. 18-02019 (YGR)(EDL), 2018 WL 10604533 (N.D. Cal. Sept. 14, 2018) (denying motion to quash of nearly identical motion). The Court should note that neither of the two above-referenced cases were cited by Defendant's counsel in the Motion. It is unclear if this was simply a product of Defendant's counsel cutting and pasting an old motion but failing to research the outcome of that motion, or if it was an unethical knowing failure by Defendant's counsel to cite controlling authority. Either reason should be unacceptable to this Court.

As this Court has already held, Defendant "does not face an undue burden with respect to the subpoena's request" since "[a] party cannot face undue burden if it is not the party responding to the subpoena." 2019 WL 12446430 at *3 (citation omitted). Moreover, as this Court has already held, "the subpoena is likely to identify or lead to information that will identify the infringer. Even if another party is responsible for the copyright infringement, this is not a basis for granting [D]efendant's motion to quash." *Id.* at *4. Indeed, "plaintiff's investigation could very well lead to the actual infringer, since the infringer could be a family member or somebody known to the subscriber." *Id.* at *3. Finally, "[D]efendant's privacy interest in his or her personal information is outweighed by plaintiff's need for the information in proceeding with its copyright infringement claim." *Id.* at *6.

Defendant's counsel's failure to address these controlling authorities is not the only reason to deny the Motion. The other reason to deny it is the simple fact that Defendant's counsel has himself rendered the Motion moot: he identified the

Defendant's full name and address by attaching the notice from Defendant's ISP, Charter, to his motion. Dkt. 12-1. Which is ironic because, as this Court is aware, Plaintiff Strike 3 Holdings, LLC ("Plaintiff") in all of its infringement cases keeps the Defendant's identity confidential and agrees to (if not itself *unilaterally* suggesting) protective orders to protect that identity – the same protection that Plaintiff would have afforded Defendant here had Defendant's counsel simply asked for it. Indeed, if this Court is so inclined to save Defendant's counsel from his act of publicly revealing his client's name and address, Plaintiff would have no objection to the Court striking the Motion from the docket, putting in place a protective order going forward and allowing the action to proceed. Whichever way the Court wishes to proceed here, at a minimum, it should summarily deny the Motion.

   For the foregoing reasons, Plaintiff respectfully request the Court deny Defendant's Motion to Quash Subpoena.

Dated: November 3, 2022    Respectfully submitted,

By: _____
Lincoln Bandlow, Esq.
**Law Offices of Lincoln Bandlow, PC**

*Attorney for Plaintiff*
Strike 3 Holdings, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: */s/ Lincoln Bandlow*