UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-1352-TJH-SP | Date | November 28, 2022 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

| Present: The Honorable | SHERI PYM, United States Magistrate Judge |
|---|---|
| Rachel Maurice for Kimberly I. Carter | None |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** (In Chambers) Order Denying Defendant's Motion to Quash [12]

# I. INTRODUCTION

On October 17, 2022, defendant John Doe filed a motion to quash plaintiff Strike 3 Holding, LLC's subpoena to Charter Communications, defendant's Internet Service Provider ("ISP") for defendant's Spectrum account, seeking defendant's identity information. Docket no. 12. Plaintiff filed an opposition to defendant's motion on November 3, 2022. Docket no. 15. Defendant filed a reply on November 11, 2022. Docket no. 16.

After reviewing the parties' arguments, the court now denies defendant's motion to quash, but allows defendant to proceed pseudonymously, for the reasons discussed below.

# II. BACKGROUND

Plaintiff is the owner of adult motion pictures. Compl. at 1. These motion pictures are distributed through various adult websites and DVDs. *Id.* at 1-2. Plaintiff alleges defendant used BitTorrent protocol to download plaintiff's motion pictures and distribute them to others, committing copyright infringement. *Id.* at 2.

To ascertain defendant's true identity, plaintiff first moved to discover defendant's identity using state court procedures in Florida, where plaintiff's infringement detection servers are located. *Id.* Defendant objected plaintiff should have brought its copyright

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-1352-TJH-SP | Date | November 28, 2022 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

infringement action in federal court instead. *Id.* In light of defendant's objection, plaintiff dismissed the Florida action and proceeded with the federal action. *Id.*

Plaintiff filed its Complaint in this action on July 21, 2022. On August 25, 2022, plaintiff filed an ex parte application for leave to serve a third-party subpoena prior to a Rule 26(f) conference. Docket no. 10. The court granted plaintiff's ex parte application on September 1, 2022, but included a limited protective order. Docket no. 11. Namely, the court granted plaintiff permission to serve a Rule 45 subpoena on Spectrum to obtain defendant's true name and address, but ordered that it must include a copy of the court's order. *Id.* The order gave Spectrum 30 days from the date of service upon it to serve defendant with a copy of the subpoena and the court's order. *Id.* Defendant then had 30 days from the date of service upon him or her to file any motions contesting the subpoena. *Id.* Spectrum was not to turn over defendant's identifying information to plaintiff before the expiration of the 30-day period, or until the court ruled on any motion from defendant.

Following plaintiff's service of the subpoena on Charter Communications regarding defendant's Spectrum account, defendant filed the present motion to quash the subpoena.

### III. DISCUSSION

#### A. The Court Will Not Quash the Subpoena

In the present motion defendant asks the court to quash the subpoena to Charter/Spectrum requiring the disclosure of defendant's identifying information. *See* Mtn. at 1. Motions to quash subpoenas are governed by Rule 45 of the Federal Rules of Civil Procedure. Defendant does not raise any legitimate grounds for quashing the subpoena under Rule 45(d)(3) of the Federal Rules of Civil Procedure.

Pursuant to Rule 45(d)(3)(A), a court is required to quash or modify a subpoena if it: fails to allow a reasonable time to comply; requires a person to comply beyond the specified geographical limits; requires disclosure of privileged or other protected matter; or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Rule 45(d)(3)(B) also permits a court to quash or modify a subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information, or disclosing an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-1352-TJH-SP | Date | November 28, 2022 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.  Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii).

     First, defendant argues the subpoena implicates his right to privacy and that plaintiff intends to use defendant's name and address to harass him into a settlement, regardless of whether the subscriber is actually the infringer.  Mtn. at 4-6.  A cable operator may disclose a subscriber's personally identifiable information "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order."  47 U.S.C. § 551(c)(2)(B).  In its order granting plaintiff's ex parte application for leave to serve the subpoena, the court authorized such disclosure and provided for defendant's notification, which has plainly occurred.  Defendant nonetheless argues the subpoena should be quashed because it subjects defendant to undue burden and harassment.  But a party cannot face undue burden if it is not the party responding to the subpoena.  *See Third Degree Films, Inc. v. Does 1-178*, 2012 WL 12925674, at *2 (N.D. Cal. Dec. 6, 2012) ("[d]efendant is not faced with an undue burden because the subpoena is directed at the ISP and not the [d]efendant) (citations omitted).  The ISP is directed to produce the information, so it is "its prerogative to claim an undue burden." *Id.* (citations omitted). What defendant really is arguing is that it will be subjected to undue burden from this litigation if the information is disclosed; however, that is not a proper basis to quash the subpoena.

     Defendant also contests the correlation between the subscriber, the IP address, and the infringement.  Mtn. at 7-10.  Defendant contends the court should quash the subpoena because the fact that it is a subscriber of an IP address associated with the infringing activity is insufficient to reliably identify the individual who committed the infringement. *Id*.  This argument is unpersuasive.  Defendant cites multiple district court cases that have found the IP address subscriber may not be the person responsible for the infringing activity, and of course that is true.  Indeed, the Ninth Circuit also found as much in *Cobbler Nevada LLC v. Gonzalez*, 901 F.3d 1142 (9th Cir. 2018), when it found a bare allegation that a defendant is the registered subscriber of an IP address associated with infringing activity is insufficient to state a claim for copyright infringement. *Id.* at 1144-45.  But the question here is not whether plaintiff has adequately stated a claim or is able to prove its case.  The question is whether plaintiff should be permitted to conduct the discovery at issue in an effort to learn who the infringer is.  As plaintiff notes, even if defendant is not the infringer, learning defendant's identity reasonably may help plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-1352-TJH-SP | Date | November 28, 2022 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

to discover who is. *See Strike 3 Holdings, LLC v. Doe*, 2019 WL 2996428, at *3 (N.D. Cal. July 9, 2019) (stating that "*Cobbler Nevada* does not stand for the proposition that subpoenas may not be used to determine a subscriber's name" and listing cases so holding). Thus, that plaintiff cannot establish defendant is the actual infringer at this stage does not justify quashing the subpoena.

B.      **A Protective Order Allowing Defendant to Proceed Pseudonymously Is Warranted**

As noted, defendant argues that if Charter is allowed to produce their identifying information to plaintiff, defendant will suffer annoyance, harassment, undue burden, and expense given the nature of this litigation. Mtn. at 4-6. In its order granting plaintiff's ex parte application for leave to take early discovery, the court indicated defendant could request to remain anonymous in this litigation. Docket no. 11 at 2. Defendant made this request in the reply, and plaintiff has indicated that it does not object to such a request. Reply at 2; Opp. at 2.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the court may sua sponte enter a protective order for good cause to spare parties "annoyance, embarrassment, oppression, or undue burden." *Strike 3 Holdings, LLC v. Doe*, 2018 WL 357287, at *3 (N.D. Cal. Jan. 18, 2018) (citing *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002)); Fed. R. Civ. P. 26(c)(1). Here, the court finds there is good cause to issue an order allowing defendant to proceed pseudonymously as "John Doe" throughout this litigation, unless and until the court orders otherwise. This protective order addresses any privacy concerns defendant may have while plaintiff has an opportunity to further investigate whether defendant is the infringer, and thus there is no basis to quash the subpoena on privacy grounds.

In addition, as the parties note, defendant inadvertently filed an exhibit to the motion disclosing defendant's identity. So that defendant's privacy may be protected from public disclosure, the court hereby orders that Exhibit A to the instant motion (docket no. 12-1) be sealed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-1352-TJH-SP | Date | November 28, 2022 |
|---|---|---|---|
| Title | Strike 3 Holdings, LLC v. John Doe | | |

## IV.  CONCLUSION

For the reasons stated above, defendant's motion to quash (docket no. 12) is denied.  But defendant may proceed pseudonymously as "John Doe" throughout this litigation.  The court therefore prohibits plaintiff from publicly filing documents with defendant's true name and publicly disclosing defendant's true name or other identifying information, other than defendant's IP address, unless and until the court orders otherwise.  In addition, the court orders that docket item number 12-1 be sealed.  Plaintiff is directed to serve a copy of this order on Charter Communications.